**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

|  |  |
|---|---|
| **ELIJAH D. STEWARD,** | Docket No. 2:26-cv-00065-LEW |
| **Plaintiff,** | |
| v. | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.;** | |
| **EQUIFAX INFORMATION SERVICES, LLC;** | |
| **and** | |
| **TRANS UNION, LLC,** | |
| **Defendants.** | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT OBJECTION TO
THE COURT'S SCHEDULING ORDER WITH INCORPORATED RULE 26(f) ORDER**

Pursuant to the Court's Order entered on April 30, 2026, for Plaintiff to respond to Defendants' joint objection to this Court's March 25, 2026, Scheduling Order with incorporated Rule 26(f) Order [Dkt 23] ("Scheduling Order"), Plaintiff files his response as follows:

This case does not present the type of special attention contemplated by Local Rule 16.1(b)(2). The claims are straightforward and arise from Defendants' reporting and deficient reinvestigations of accounts that Plaintiff has consistently disputed as the result of identity theft. Over the course of multiple years, Defendants failed to correct inaccurate reporting resulting from identity theft. Even after Plaintiff provided Defendants with a court order establishing that the accounts resulted from identity theft, Defendants continued reporting the accounts without correction.

Much of the relevant evidence—including Plaintiff's disputes and supporting documentation—is already established, further limiting the need for extensive discovery. This case is

1

therefore not discovery-driven, but instead turns on Defendants' conduct in response to information already in their possession.

Defendants identify no unusually complex legal or factual issue warranting departure from the Standard Track. The central issues are straightforward: whether Defendants continued reporting inaccurate or incomplete information and whether they conducted reasonable reinvestigations after receiving Plaintiff's disputes and supporting documentation.

Instead, Defendants speculate regarding the scope of discovery Plaintiff "will likely" pursue and rely largely on assumptions regarding Plaintiff's counsel's litigation practices in unrelated matters. Such speculation does not establish good cause under Local Rule 16.1(b)(2).

Plaintiff anticipates focused and proportional discovery, including Rule 30(b)(6) testimony, limited third-party discovery, and depositions of individuals involved in the reinvestigations if necessary. Plaintiff does not presently anticipate that discovery will exceed what is manageable under the Standard Track. To the extent that limited modifications later become necessary regarding deposition limits or scheduling, those issues can be addressed through targeted relief without assigning this matter to the Complex Track or substantially modifying the Scheduling Order. Defendants' speculative assertions regarding expansive discovery do not justify Complex Track assignment at this stage.

Defendants' position is internally inconsistent. While arguing that expansive discovery justifies Complex Track assignment, Defendants simultaneously speculate regarding discovery that may never occur.

Defendants' suggestion that substantial third-party discovery is necessary to determine whether Plaintiff "benefited" from allegedly fraudulent debts only underscores the speculative nature of Defendants' position. The issue in this case is not whether Defendants can hypothesize alternative explanations for inaccurate reporting, but whether Defendants conducted reasonable reinvestigations

after receiving Plaintiff's disputes and supporting documentation.

Defendants have identified no concrete basis warranting departure from the Standard Track or modification of the Court's Scheduling Order. If future developments later demonstrate a genuine need for modification, the parties may address those issues at that time. At present, however, Defendants' speculative concerns do not justify expanded case management. Defendants' position would effectively render many routine FCRA reinvestigation cases "complex" based solely on hypothetical discovery disputes.

Plaintiff does agree that modest adjustment of expert disclosure deadlines may be appropriate to ensure completion of fact discovery and depositions prior to expert disclosures.[1] Plaintiff respectfully requests a scheduling conference pursuant to Local Rule 16.2(d) if the Court believes discussion of fact or expert discovery would be helpful.

Dated: May 8, 2026,                                        Respectfully submitted,

                                                           /s/      John Z. Steed
                                                           John Z. Steed, Esq. #5399
                                                           Island Justice, LLC
                                                           P.O. Box 771
                                                           Stonington, ME 04681
                                                           T: (207) 200-7077
                                                           E: john@islandjusticelaw.com

                                                           Duran Keller, IN 31749-79
                                                           *admitted pro hac vice*
                                                           Consumer Justice Law Firm PLC
                                                           8095 North 85th Way
                                                           Scottsdale, AZ 85258
                                                           T: (984) 310-0626
                                                           F: (480) 613-7733
                                                           E: dkeller@consumerjustice.com

                                                           *Attorneys for Plaintiff Elijah D. Steward*

## CERTIFICATE OF SERVICE

---

[1] During the parties' meet-and-confer discussions, Defendants acknowledged that discovery timing and obligations would necessarily depend on resolution of the present scheduling dispute.

3

I hereby certify that on May 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: */s/ John Z. Steed*
John Z. Steed, Esq. #5399