UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIJAH D. STEWARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:26-cv-00065-LEW |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**AMENDED SCHEDULING ORDER**

Following a videoconference hearing, the Court grants in part the relief requested in the Objection to Scheduling Order (ECF No. 30) and amends the Scheduling Order as follows:

Track Assignment:   This case has been assigned to the Standard Track.   Each defendant[1] may serve upon Plaintiff up to 20 interrogatories (subparts not permitted), 20 requests for admission, and two sets of requests for production of documents, provided the total number of requests does not exceed 40 for each defendant.   Plaintiff may serve upon each defendant up to 20 interrogatories (subparts not permitted), 20 requests for admission, and two sets of requests for production of documents, provided the total number of requests

---

[1]As discussed during the videoconference hearing, this Scheduling Order does not authorize Plaintiff to seek discovery from Defendant Experian Information Solutions, Inc., nor does the Order authorize Defendant Experian to conduct discovery.   Until further Court order, discovery as to Defendant Experian shall be stayed.   If after conferring, Plaintiff or Defendant Experian believes discovery is appropriate prior to a ruling on Defendant Experian's motion to compel arbitration, said party may request a hearing on the issue.

served upon a defendant does not exceed 40.  Each side may take up to 8 depositions, exclusive of expert witness depositions.

Subject Matter Jurisdiction:  Federal Question.

Jury Trial:  Demanded.

Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1):  June 23, 2026.

Deadline for Amendment of the Pleadings and Joinder of Parties:  July 10, 2026.

Plaintiff shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:  August 14, 2026.

Defendants shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:  September 15, 2026.

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B).  All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

Deadline to Complete Discovery:  November 13, 2026.

2

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

Inadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502, Rule 4.4B of the Maine Rules of Professional Conduct, and Local Rule 83.3(e).

Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h):  November 20, 2026.

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions[2] Challenging Expert Witnesses with Supporting Memoranda: December 7, 2026.

Expected Trial Date:  This case shall be ready for trial by January 4, 2027.

Further Matters in Aid of Disposition:  Plaintiff shall make a written settlement demand upon Defendants by August 21, 2026.  Defendants shall respond to settlement demand by September 2, 2026.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated:  June 9, 2026

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

3